**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
    CHRISTOPHER A. HENRY,           :
                                       :
                     **Plaintiff,**   :
                                       :     **1:11-cv-845 (ALC)**
      -against-               :
                                       :     **OPINION AND ORDER**
                                       :
    OFFICER PIERCE,             :
                                       :
                    **Defendant.**   :
-----------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Pro se Plaintiff Christopher Henry brought this action against Defendant Corrections

Officer Pierce, alleging excessive force in violation of 42 U.S.C. § 1983. Defendant has moved

for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that

follow, the Court GRANTS Defendant's motion in its entirety.

**BACKGROUND**

      Plaintiff's claim arises from an incident that occurred on December 5, 2011, while

Plaintiff was housed at the Anna M. Kross Center ("AMKC") at Rikers Island. Plaintiff became

involved in an altercation with another inmate. Consolidated R. 56.1 Stmt ¶ 1. The altercation

started when the other inmate threw juice in Plaintiff's face and then punched him. *Id.* ¶ 2.

Plaintiff responded by repeatedly punching the other inmate. *Id.* ¶ 3. Plaintiff alleges that during

the fight Officer Pierce cut his finger with a blade. Am. Compl. II.D. Additionally, the other

inmate bit Plaintiff's pinky finger in the same location where Plaintiff alleges to have been cut by

Officer Pierce. Consolidated R. 56.1 Stmt ¶¶ 4, 13. Plaintiff proceeded to punch the other

inmate, knock him to the ground, and repeatedly kick him. *Id.* ¶ 5. Plaintiff also alleges that due

1

to the severing of two arteries, he bled profusely for four to five hours and lost three to four pints of blood. Henry Dep. Tr. 95:7-19; Consolidated R. 56.1 Stmt ¶ 17.

Plaintiff was treated at the medical clinic the same day. McQueen Decl. Ex. C at DEF0030-DEF0031. The medical report stated that Plaintiff "was assaulted by another inmate, causing injury to right hand pinky and facial injuries." *Id.* According to the report, Plaintiff stated that he was bit earlier by another inmate, and Plaintiff was assessed for and treated for a 2 centimeter jagged laceration to the right little finger caused by a human bite. *Id.* The medical reports do not detail anything about a knife wound or any other wound besides the human bite. In his declaration, Officer Pierce stated that during the altercation he did not use any blade and kept his 911 knife sheathed. Pierce Dec. ¶ 4. According to the handwritten medical staff notes to the Injury to the Inmate Report, "no active bleeding" was written down in connection with the incident. McQueen Decl. Ex. D at DEF0038.

## STANDARD OF REVIEW

The party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those facts that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation marks omitted).

Where the non-movant relies largely on his own testimony, much of which is incomplete

and contradictory in some respects, "it will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the plaintiff's account." *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (internal citation and quotation marks omitted). Under these circumstances, summary judgment is appropriate where (1) there is nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the court, even after drawing all inferences in the light most favorable to the plaintiff, determines that "no reasonable person could believe [plaintiff's] testimony." *Id.* at 555 (internal citation omitted).

Finally, "it is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)) (alteration omitted). This is so "particularly where motions for summary judgment are concerned." *Id.* (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014)). However, even pro se plaintiffs must offer some evidence that would defeat a motion for summary judgment. *Saldana v. Local 32B–32J Serv. Emps. Int'l Union*, 03 Civ. 1853, 2005 WL 66895, at *2 (S.D.N.Y. Jan. 12, 2005).

## DISCUSSION

### Excessive Force under 42 U.S.C. § 1983

Defendant contends that Plaintiff cannot defeat a motion for summary judgment because Plaintiff's account of what happened—specifically the knife wound, severed arteries, and excessive loss of blood—is directly contradicted by the medical records, thereby preventing any reasonable jury from believing Plaintiff's description of the events. The Court agrees.

In excessive force claims, "where undisputed medical records *directly and irrefutably*

contradict a plaintiff's descriptions of his injuries, no reasonable jury could credit plaintiff's account of the happening." *Davis v. Klein*, No. 11–CV–4868, 2013 WL 5780475, at *4 (E.D.N.Y. Oct 25, 2013). In such cases, courts have dismissed excessive force claims and granted summary judgment in favor of the defendants. *See, e.g.*, *Henry v. Brown*, 14-cv-2428, 2016 WL 3079798, at *2 (E.D.N.Y. May 27, 2016) (listing cases).

In *Henry*, the plaintiff (the same plaintiff in this case) filed an excessive force claim against a corrections officer making substantively similar claims in the Eastern District of New York. Plaintiff alleged in that case that a push by the corrections officer led to serious head and leg injuries "rendering him unconscious for an hour and fifteen minutes and close to death." *Id.* at *1. Medical records revealed that Plaintiff did not have any head injury and the leg injury to be a three-inch "scab" on the lower left leg that Plaintiff had picked open causing "minor" bleeding. *Id.* at *3. The court granted the Defendant's summary judgment motion in light of the medical records blatant and direct contradiction of Plaintiff's version of what happened.

The case at bar is no different. If Plaintiff had suffered a knife wound that caused so much blood loss as to leave Plaintiff near death, as Plaintiff testified in his deposition, then it is not credible that medical records would indicate only a 2 centimeter jagged laceration with no active bleeding to the little finger from a human bite. Because "the record is utterly devoid of evidence of any kind supporting [plaintiff's] description of his injuries—other than his own claims," no reasonable injury could find that the plaintiff sustained the claimed injuries. *Davis*, 2013 WL 5780475, at *4. Accordingly, Plaintiff's excessive force claim under 42 U.S.C. § 1983 is dismissed.

<u>New York Law Claims</u>

To the extent the Amended Complaint may be read to assert an excessive force claim

under New York law, Defendant moves for summary judgment on the ground that Plaintiff failed to comply with Section 50 of New York General Municipal Law. Def.'s Mem. Supp. Summ. J. 7-8. "[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims." *Hardy v. New York City Health & Hosp. Corp.,* 164 F.3d 789, 793 (2d Cir. 1999) (citing cases) (emphasis in original). Plaintiff stated during his deposition that he never filed a notice of claim against New York City. Henry Dep. Tr. at 19:24-20:21. Further, Plaintiff's form complaint makes no mention of any notice of claim against the City. Having failed to timely file a notice of claim, any excessive force claim under New York law is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted in its entirety.

**SO ORDERED.**

**Dated: August 21, 2017**
    **New York, New York**

_____
            **ANDREW L. CARTER, JR.**
            **United States District Judge**