```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT ELECTRONICALLY
                                                FILED
------------------------------------------x     DOC#:
                                                DATE FILED: 3-20-19
```

| | |
|---|---|
| CHRISTOPHER A. HENRY, | |
| Plaintiff, | 1:11-cv-00845 (ALC) |
| -against- | **OPINION & ORDER** |
| OFFICER PIERCE, | |
| Defendant. | |

------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Pro se Plaintiff Christopher Henry brought this action against Defendant Corrections Officer Pierce, alleging excessive force in violation of 42 U.S.C. § 1983. On August 21, 2017, the Court granted summary judgment to Defendant. ECF No. 112. Plaintiff has since filed a declaration, ECF No. 114, and a letter, ECF No. 115, requesting a reconsideration of the Court's prior decision. For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**.

## BACKGROUND

Familiarity with the facts are assumed. As a brief overview, Plaintiff became involved in a physical altercation with another inmate. Consolidated R. 56.1 Stmt ¶ 1. Plaintiff alleges that during the fight Officer Pierce cut his finger with a blade. Am. Compl. II.D. The inmate that Plaintiff was fighting bit Plaintiff's pinky finger in the same location where Plaintiff alleges to have been cut by Officer Pierce. Consolidated R. 56.1 Stmt ¶¶ 4, 13. Plaintiff alleges that due to the severing of two arteries, he bled profusely for four to five hours and lost three to four pints of blood. Henry Dep. Tr. 95:7-19; Consolidated R. 56.1 Stmt ¶ 17.

Plaintiff was treated at the medical clinic the same day. McQueen Decl. Ex. C at

1

COPIES MAILED

DEF0030-DEF0031. The medical report stated that Plaintiff "was assaulted by another inmate, causing injury to right hand pinky and facial injuries." *Id.* The report notes that Plaintiff self-reported that he had a "cut on right little finger after another inmate bit him there earlier today," but did not indicate any knife wound or any other wound besides the human bite. *Id.* Plaintiff was treated for a 2-centimeter jagged laceration to the right little finger caused by a human bite. *Id.* In his declaration, Officer Pierce stated that during the altercation he did not use any blade and kept his 911 knife sheathed. Pierce Dec. ¶ 4. According to the handwritten medical staff notes to the Injury to the Inmate Report, "no active bleeding" was written down in connection with the incident. McQueen Decl. Ex. D at DEF0038.

## STANDARD OF REVIEW

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). A court will grant such a motion only where the party seeking reconsideration "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but, in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of

exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-cv-2455 (KAM) (RER), 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010)) (internal quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

## DISCUSSION

In his Declaration in Opposition to the Court's decision to grant Defendant's Motion for Summary Judgment, Plaintiff argues that the medical record stated that his pinky finger was cut, meaning there was a genuine issue of material fact that the Court overlooked in its prior decision. Decl. Of Christopher A. Henry in Opp., ECF No. 114. Plaintiff's argument lacks merit. At the outset, the Court already considered the medical record that Plaintiff relies on in his declaration and found that the record "directly contradicted" Plaintiff's account of the facts. *Henry v. Officer Pierce*, No. 1:11-CV-845 (ALC), 2017 WL 3610507, at *2 (S.D.N.Y. Aug. 21, 2017). Accordingly, reconsideration must be denied here. *Mir v. Shah,* 569 F. App'x 48, 50 (2d Cir. 2014) ("Reconsideration should not be granted where 'the moving party seeks solely to relitigate an issue already decided.'") (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Moreover, Plaintiff's medical record states that Plaintiff self-reported a cut on his right pinky finger, which Plaintiff stated occurred after another inmate bit him earlier in the day prior to the altercation at issue here. There is no new or overlooked evidence that there was in fact a cut on Plaintiff's finger from a knife wound. Therefore, reconsideration is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

**Dated: March 20, 2019**
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

3